UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Quintin M. Littlejohn, | ) | C/A No. 6:07-3157-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| Bill Blanton, Sheriff of Cherokee County; | ) | |
| Cherokee County Detention Center; and | ) | |
| NFN Burgess, Officer, | ) | |
| | ) | |
| Defendants. | ) | |
| ———————————————— | ) | |

Plaintiff, proceeding *pro se*, seeks relief pursuant to 42 U.S.C. § 1983. Petitioner's complaint filed on September 19, 2007 alleges *inter alia* that the Cherokee Detention Center, where he was housed when the Complaint was filed, has fewer African-American officers than Caucasian officers. Petitioner is currently housed at Just Care, Inc.

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 this matter comes before the Court with the Report and Recommendation of United States Magistrate William M. Catoe filed October 12, 2007. Based on his review of the record, the Magistrate Judge concluded that the case should be dismissed *without prejudice* and without requiring the defendants to file a return. He recommended dismissal of the Cherokee County Detention Center on the basis that it is not a "person" subject to suit under 42 U.S.C. § 1983. He recommended that the Sheriff should be dismissed, since the sheriff is a state agency and as such cannot be sued in federal court under the provisions of the Eleventh Amendment although he recognized that Title VII does allow racial discrimination suits against state entities in federal court. However, he concluded that the plaintiff lacks standing to sue

1

under Title VII since he has never been employed by the sheriff's department or the detention center.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a *de novo* determination of any portions of the Report and Recommendation to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

The district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson*, 687 F.2d 44, 47-48 (4th Cir. 1982) (failure to file specific objections to particular conclusions in Magistrate Judge's Report, after warning of consequences of failure to object, waives further review). Without specific objection to the Magistrate Judge's reasoning , it is not necessary for this court to discuss the conclusion reached by the Magistrate Judge any further. *See* 28 U.S.C.§636(b)(1)(C) (If a party objects, the district court "shall make a de novo determination of those portions of the report or *specified* proposed findings or recommendations to which objection is made") (emphasis added).

On October 23, 2007, the plaintiff filed a document entitled "Rebuttal to Report and Recommendation by William M. Catoe U.S. Magistrate Judge". The Court finds that this filing by the petitioner does not constitute proper objections to the Report and Recommendation. His document

fails to adequately direct the court's attention to a specific error in the Magistrate Judge's Report and Recommendation. Therefore, this Court is of the opinion that the petitioner's filing does not satisfy the specificity requirement of Rule 72(b) of the Federal Rules of Civil Procedure.[1]

After carefully reviewing the Report, documents filed by the plaintiff, pleadings, and applicable law, the Court adopts the Report and Recommendation of the Magistrate Judge, incorporates it herein, and overrules all objections. Therefore, the complaint is **DISMISSED** *without prejudice* and without issuance or service of process.

**IT IS SO ORDERED.**

November 8, 2007                                      s/R. Bryan Harwell
                                                     R. Bryan Harwell
                                                     United States District Judge

---

[1]Rule 72(b) states:

Within ten days after being served with a copy of the recommended disposition, a party may serve and file **specific, written objections to the proposed findings and recommendations**. . . The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of **any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule.**

Fed. R. Civ. P. 72(b) (emphasis added).

3